UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL JOHN BRADWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHODARA RAO,<br><br>    Defendant. | No. 2:20-cv-0436 JAM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On July 26, 2022, defendant was granted summary judgment. On August 5, 2022, defendant submitted a bill of costs for $413.00 associated with deposition expenses. (ECF No. 91.) Plaintiff filed a document styled "Dispute to Bill of Costs," which this court construes as objections. (ECF No. 93.) As set forth below, the court overrules plaintiff's objections and grants the bill of costs.[1]

Background

Plaintiff, proceeding pro se, alleged that defendant Dr. Rao violated plaintiff's Eighth and Fourteenth Amendment rights and breached an implied contract by authorizing Dr. Solis to allow plaintiff's single cell status to expire and by failing to intervene to preserve his single cell status.

---

[1] Orders concerning the award of costs under Federal Rule of Civil Procedure 54 are non-dispositive motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Cf. United States ex rel. Doe v. Biotronik, Inc., No. 2:09-cv, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) (recognizing that a motion for attorneys' fees under Rule 54 was non-dispositive).

1  Following review of this court's findings and recommendations, defendant Rao's motion for
2  summary judgment was granted on July 26, 2022.
3      Defendant seeks an award of $413.00 for costs associated with plaintiff's deposition.
4  Plaintiff filed objections, arguing he is indigent, only receiving $36.00 per month from his prison
5  job assignment.  Plaintiff asks the court to reduce the cost bill "to $50.00 in the interest of fair and
6  equal justice."  (ECF No. 93 at 3.)

Applicable Law

    Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter.[2]  Pursuant to Federal Rule of Civil Procedure 54(d)(1), unless a court order provides otherwise, costs (other than attorney's fees) "should be allowed to the prevailing party." This rule creates a presumption that costs will be taxed against the losing party.  Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc). However, if the losing party has demonstrated why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs."  Id., at 591; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing party must show why costs should not be awarded").  If the court declines to award costs, it must state its reasons, giving the reviewing court an opportunity to determine if that discretion was abused.  Save Our Valley, 335 F.3d at 945.

    Proper reasons for denying costs include:

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.  This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (alterations and citations omitted).  The Ninth Circuit vacated the high award of costs to the defendant in Draper, but reiterated that it would be an abuse of discretion to award costs only "in the rare occasion where severe injustice

---

[2] In the Eastern District of California, this rule is implemented by Local Rule 292.  E.D. Cal. L. R. 292 (2022).

will result from an award of costs." Id. at 1089 (citation omitted). Such cases demonstrating circumstances of severe injustice often involve large cost awards against a civil rights plaintiff with limited resources. Id. at 1088.

Discussion

First, plaintiff's objection to the costs themselves is overruled because the deposition expenses are authorized under the statute and were necessarily obtained. Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963) (stating that the cost of deposition transcripts "necessarily obtained for use in the case" can be taxed under § 1920(2).).

Second, as noted above, plaintiff argues that the court should not tax costs because of plaintiff's indigence. "'[A] substantiated claim of the losing party's indigency may justify a reduction or denial of costs to the prevailing party, although such indigency is not an absolute shield to the imposition of costs.'" Conn v. City of Reno, 2012 WL 4194560, at *3 (D. Nev. Sep. 19, 2012) (quoting Moore's Fed. Prac. § 54.10[1][b]). Plaintiff submitted no updated financial information even though the "pertinent time" for determining whether his indigency has an impact on the imposition of costs "is the time the costs [are] initially taxed." Stanley v. Univ. of So. Ca., 178 F.3d 1069, 1080 (9th Cir. 1999). But given plaintiff's reported level of prison wages, his economic status is unlikely to have improved much since the filing of this action. See Reed v. Moore, 2011 WL 703618, at *2 (E.D. Cal. Feb.18, 2011) (denying $4,293.89 in costs when "it is highly unlikely" the inmate would be able to satisfy any costs). Nevertheless, plaintiff has not shown the imposition of defendant's relatively modest costs will harm him despite his indigence. Jones v. Neven, 2013 WL 150338, at 2 (D. Nev. Jan. 14, 2013) (imposition of $550.05 in costs on inmate will not render him indigent in light of fact that costs will be paid in installments under 28 U.S.C. § 1915(f)(2)(B)); Janoe v. Stone, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012) (imposing $1,637.76 in costs because of the "piecemeal payment plan" even though plaintiff was unable to secure a prison job and worried about paying for hygiene items); see also Antoine v. Cnty. of Sacramento, 2009 WL 1260318, at *2 (E.D. Cal. May 6, 2009) (threat of indigency from imposition of costs "depends on the amount of the potential cost award"); compare Stanley, 178 F.3d at 1080 (denying "extraordinarily high" $46,710.97 cost bill).

In <u>Stanley</u>, the Ninth Circuit remanded the case to the district court to consider its order taxing costs, noting "the imposition of [ ] high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation" and finding the claims raised in that case were important and "far from obvious."  178 F.3d at 1080; <u>see also</u> <u>Assoc. of Mexican-American Educators</u>, 231 F.3d at 593 (upholding denial of costs in "extraordinary, and extraordinarily important, case" and saying that granting high costs in important cases might discourage other civil rights litigation). Here, the undersigned does not downplay the importance of this case to plaintiff personally, or the potential viability of deliberate indifference medical claims against prison employees.  However, the issues in this case were not novel or complex, and there is no reason to believe that the modest award of costs here will chill future inmate litigation.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' application for costs (ECF No. 91) is granted; and

2. Plaintiff is taxed $413.00 in costs.

Dated:  September 13, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brad0436.costs